IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SENNCO SOLUTIONS, INC.,** | Case No. 3:20-cv-1426-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **MOBILE TECHNOLOGIES, INC.**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on December 21, 2020. ECF 156. Judge Russo recommended that the Court grant in part and deny in part Defendant Mobile Technologies, Inc.'s (MTI) Partial Motion for Judgment on the Pleadings (ECF 147).

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

MTI timely filed an objection (ECF 160), to which Plaintiff Sennco Solutions, Inc. (Sennco) responded. ECF 161. MTI has two objections. First, MTI objects to the portion of Judge Russo's finding that Sennco has adequately stated a claim alleging misappropriation of trade secrets. Among the reasons MTI offers in support of its objection is MTI's contention that Judge Russo considered Sennco's interrogatory responses in her partial denial of MTI's motion. Second, MTI asks that, if the Court grants MTI's motion and then grants Sennco leave replead, the Court also stay discovery. The Court adopts Judge Russo's findings and recommendation with the following additional analysis.

### A.  MTI's Motion for Judgment on the Pleadings

MTI objects to Judge Russo's finding that Sennco adequately stated claims alleging misappropriation of trade secrets and breach of contract. MTI argues that Sennco failed to adequately identify the trade secrets it alleges that MTI misappropriated. Because Sennco's breach of contract claims arise from two non-disclosure agreements that Sennco entered with

PAGE 2 – ORDER

MTI covering Sennco's trade secrets, MTI also argues that Sennco has not adequately stated its claims of breach of contract. Accordingly, MTI argues that the Court should grant MTI's partial motion for judgment on the pleadings.[1]

"Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)). Dismissal for failure to state a claim under Rule 12(b)(6) "is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988)). In addition, "to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (*Iqbal* standard applies to review of Rule 12(c) motions).

In its Third Amended Complaint (TAC) Sennco brought a trade secrets misappropriation claim under Illinois law.[2] TAC (ECF 107) at 4-5; *see* 765 Ill. Comp. Stat. § 1065. Trade secret

---

[1] Judge Russo found that Sennco did not adequately identify trade secrets related to "manufacturing" and recommended that the Court grant MTI's partial motion for judgment on the pleadings for Sennco's trade secret misappropriation claim related to "manufacturing." Sennco does not object to Judge Russo's recommendation on this point. The Court accepts Judge Russo's recommendation.

[2] Sennco's complaint was originally filed in the United States District Court for the Northern District of Illinois. *See* ECF 123 at 1. The United States District Court for the Northern District of Illinois granted MTI's motion to transfer venue to this Court on August 20, 2020. *Id.*

misappropriation under Illinois law is the "acquisition of a trade secret of a person by another person who knows or has reason to know that the trade secret was acquired by improper means." § 1065/2(b)(1). A trade secret is defined as:

> information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that:
>
>> (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and
>>
>> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

§ 1065/2(d). Sennco also alleges that MTI breached its 2005 and 2008 nondisclosure agreements with Sennco by using the trade secrets covered by those nondisclosure agreements. TAC (ECF 107) at 5-6.[3] MTI argues that Sennco's trade secrets misappropriation claim and its breach of contract claims both fail because Sennco did not sufficiently identify its trade secrets.

"To prevail on a trade secret misappropriation claim, plaintiff must show that the information at issue was a trade secret and that it was misappropriated." *AptarGroup, Inc. v. Chamulak*, 2019 WL 2425175, at *4 (N.D. Ill. June 10, 2019). "A plaintiff need not 'spell out the details of the trade secret'" to survive a motion to dismiss (or, here, a motion for judgment on the pleadings). *Space Data Corp. v. X*, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017) (quoting *Autodesk, Inc. v. ZWCAD Software Co., Ltd.*, 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015)); *see also AptarGroup*, 2019 WL 2425175, at *5 ("Trade secrets need not be set out in

---

[3] Sennco has also alleged that MTI infringed one of Sennco's patents. TAC (ECF 107) at 7-8. MTI's partial motion for judgment on the pleadings does not seek judgment on Sennco's patent infringement claim.

detail in a complaint . . . ."). Instead, a plaintiff need only "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012); *see also Multiut Corp. v. Draiman*, 359 Ill. App. 3d 527, 535 (2005) ("To claim protection as a trade secret [under Illinois law], a plaintiff must show that: (1) the information was sufficiently secret to give it a competitive advantage; and (2) affirmative measures were taken to prevent others from acquiring or using the information."). Indeed, it is enough for a plaintiff to "limit[] the categories of the information allegedly misappropriated by [a defendant] to particular subjects." *Cisco Sys., Inc. v. Chung*, 462 F. Supp. 3d 1024, 1049 (N.D. Cal. 2020).

Sennco's TAC adequately identifies its trade secrets. Sennco described the proprietary information shared with MTI as a prototype of "a structure upon which a retailer could mount a product such as a camera, smart phone, or other electronic device. The structure would allow a customer to pick up and hold the electronic device while it was electronically tethered to the fixture by a retractable cord." TAC (ECF 107) at 3. Sennco also described the protectable elements of the device:

> Sennco's innovative security design (1) incorporated the electronics and retractable components into the base and post upon which the electronic device was mounted, (2) permitted the crown connected to the post to pivot thus allowing the displayed electronic device to sit multiple preselected angles, (3) combined the foregoing features into a single, above-counter unit, (4) permitted a retailer to quickly disconnect the electronic device from the post for closer inspection, and (5) permitted the electronic device to charge while attached to the base and post . . . .

*Id.* Additionally, Sennco identified specific dates when it shared this prototype with MTI, alleging that "[d]uring training sessions for MTI on September 15 and 16, 2008 at Sennco's

PAGE 5 – ORDER

facility, Sennco disclosed Sennco's Proprietary Information, including [the] prototype." *Id.* at 4. Finally, Sennco attached a drawing of the prototype as an exhibit. ECF 107-3.

These allegations both remove the alleged trade secrets from the realm of "general knowledge in the trade" and "permit [MTI] to ascertain at least the boundaries within which the secret lies." *Pellerin*, 877 F. Supp. 2d at 988. MTI's response to the TAC and its objections proves as much. MTI knew enough about Sennco's alleged trade secret to not only answer the TAC but also assert affirmative defenses. *See* ECF 143. MTI's objections further demonstrate that the TAC provided MTI adequate notice of Sennco's alleged trade secrets. MTI argues that, although the TAC identifies the features of Sennco's alleged trade secrets, MTI remains unsure about Sennco's specific theory about its trade secrets. MTI asks whether

> Sennco [is] asserting:
>
> • that features ##1-3 is a single combination trade secret and each of features #4 and #5 are separate, stand-alone trade secrets?
>
> • or that features #1, #2, and #3 plus #4 is one combination trade secret and that features #1, #2, and #3 plus #5 is a separate trade secret?
>
> • or that its trade secret is a single combination of *all* of the listed features (##1-5)?

ECF 160 at 13. These questions, however, show that that the TAC did precisely what the law requires of it: "permit [MTI] to ascertain *at least the boundaries* within which the secret lies." *Pellerin*, 877 F. Supp. 2d at 988 (emphasis added). MTI knows that Sennco's trade secret lies with those features of a prototype of a device Sennco shared with MTI on September 15 and 16, 2008. At this early stage, that is all that is required for the litigation to proceed.

MTI disagrees, arguing that Sennco must instead identify its trade secret with "reasonable particularity." MTI is incorrect.[4] Courts adjudicating motions to dismiss and motions for judgment on the pleadings involving complaints alleging trade secret misappropriation under Illinois law have repeatedly rejected defendants' arguments that a heightened pleading standard applies. *See, e.g.*, *LQD Bus. Fin., LLC v. Fundkite, LLC*, 2020 WL 635906, at *3 (N.D. Ill. Feb. 11, 2020) ("The suggestion of [the defendants] that [the plaintiff] must plead its trade secrets 'with particularity' is inconsistent with the Federal Rule of Civil Procedure 8, which requires only notice pleading."); *AptarGroup*, 2019 WL 2425175, at *5 ("Trade secrets need not be set out in detail in a complaint . . . .").

Nor does MTI cite any relevant cases supporting its proposition. MTI points to *Vesta Corp. v. Amdocs Management Ltd.*, 147 F. Supp. 3d 1147 (D. Or. 2015). *Vesta Corp.*, however, involved a discovery dispute, not a motion for judgment on the pleadings or a motion to dismiss. 147 F. Supp. 3d at 1148 ("Defendants ask for a protective order to excuse them from responding to any discovery requests relating to the 'Confidential Solutions Methods,' until such time as Plaintiff provides full and complete responses identifying its trade secrets with reasonable particularity."). The "reasonable particularity" standard is appropriate in the discovery context, where the defendant seeks not to dispose of the plaintiff's suit, but merely requests greater detail about the plaintiff's alleged trade secret so that the defendant may narrow discovery and limit exposure of its own trade secrets. *See id.* at 1153-54 (discussing the conflicting policy

---

[4] Judge Russo found that Sennco did identify its trade secrets with reasonable particularity. The Court agrees with this finding. Thus, even if MTI were correct that Sennco must identify its trade secrets with reasonable particularity to survive a motion for judgment on the pleadings, the Court would adopt Judge Russo's recommendation that the Court deny in part MTI's partial motion for judgment on the pleading in part.

PAGE 7 – ORDER

considerations relevant to discovery disputes in trade secrets cases). No similar justification exists at the pleadings stage.

MTI argues that *Pellerin*—which involved a motion to dismiss a defendant's trade secret misappropriation counterclaim—applied MTI's proposed reasonable particularity standard. *See* 877 F. Supp. 2d at 987. But "reasonable particularity" appears nowhere in the *Pellerin* decision. In *Pellerin*, the court found the defendant's counterclaims insufficient because the counterclaim allegations "simply recite[d] the statutory definition of a trade secret." *Id.* at 988. Dismissing a claim because the allegations merely recite the elements of a claim is a simple application of the pleading standard announced in *Twombly* and *Iqbal*, not evidence of a heightened pleading standard. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

MTI also objects to Judge Russo relying on Sennco's answer to an interrogatory to deny MTI's motion for judgment on the pleadings. Judge Russo did mention Sennco's answer to Interrogatory No. 1 when denying MTI's motion, *see* EFC 156 at 8, although only after finding that Sennco's "allegations [are] sufficient to . . . allow this case to proceed past the pleadings stage," *id.* at 6. When considering a motion for judgment on the pleadings, the Court may look *only* at "the facts alleged in the complaint." *Pit River Tribe*, 793 F.3d at 1155 (quoting *Chavez*, 683 F.3d at 1108). Sennco's answer to an interrogatory is therefore irrelevant when adjudicating MTI's motion for judgment on the pleadings. Because, however, Sennco's pleadings alone adequately identified Sennco's alleged trade secret, the Court nevertheless accepts Judge Russo's recommendation that MTI's partial motion for judgment on the pleadings be denied in part.

Finally, MTI objects that Sennco did not plead that its trade secrets were secret. To survive a motion for judgment on the pleadings, Sennco must plead that "affirmative measures were taken to prevent others from acquiring or using the [allegedly secret] information." *Multiut Corp.*, 359 Ill. App. 3d at 535. Sennco alleges that:

> In addition to protecting its intellectual property by way of the Mutual Non-Disclosure Agreements, Sennco was awarded U.S. Patent No. 9,303,809 ("the '809 Patent") which pertained to Sennco's security system innovations.

TAC (ECF 107) at 4. At this early stage, that factual allegation suffices.

Because Sennco adequately identified its trade secrets and MTI does not argue that Sennco's allegations are otherwise deficient, the Court adopts Judge Russo's recommendation that the Court deny in part MTI's partial motion for judgment on the pleadings Sennco's trade secrets misappropriations and breach of contracts claims.

## B. MTI's Request to Stay Discovery

MTI asks that, if the Court grants MTI's partial motion for judgment on the pleadings but grants Sennco leave to replead Sennco's Complaint, the Court stay discovery. Because the Court is adopting Judge Russo's recommendation that the Court mostly deny MTI's partial motion for judgment on the pleadings, the Court need not grant Sennco leave to replead. MTI's request that the Court stay discovery if it grants Sennco leave to replead is therefore moot.

## CONCLUSION

The Court **ADOPTS** Judge Russo's Findings and Recommendation (ECF 156) as expanded upon in this Order. The Court **DENIES** MTI's partial motion for judgment on the pleadings regarding Sennco's claims of trade secrets misappropriation and breach of contract (ECF 147). The Court **GRANTS** MTI's motion for judgment on the pleadings for any claim

arising from Sennco's alleged manufacturing-related trade secrets. The Court also **DENIES AS MOOT** MTI's request to stay discovery.

**IT IS SO ORDERED.**

DATED this 9th day of February, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 10 – ORDER