IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SENNCO SOLUTIONS, INC.,**<br><br>  Plaintiff,<br><br>  v.<br><br>**MOBILE TECHNOLOGIES, INC.**,<br><br>  Defendant. | Case No. 3:20-cv-1426-JR<br><br>**PARTIAL OPINION AND ORDER ON CLAIM CONSTRUCTION** |

James T. McDermott and Ciaran Connelly, MCDERMOTT WEAVER CONNELLY CLIFFORD LLP, 1000 SW Broadway, Suite 960, Portland, OR 97205; Mark M. Grossman, GROSSMAN LAW OFFICES, 225 W. Washington St, Suite 2200, Chicago, IL 60606; and Kevin D. Erickson and William R. Siegel, PAULEY ERICKSON & SWANSON, 2800 West Higgins Road, Suite 365, Hoffman Estates, IL 60169. Of Attorneys for Plaintiff.

Steven T. Lovett and Nathan C. Brunette, STOEL RIVES LLP, 760 SW Ninth Avenue, Suite 3000, Portland, OR 97205. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

In its Third Amended Complaint (ECF 107), Plaintiff Sennco Solutions, Inc. (Sennco) asserts the following claims against Defendant Mobile Technologies, Inc. (MTI): (1) trade secret misappropriation in violation of Illinois law, 765 Illinois Compiled Statutes (ILCS) 1065; (2) breach of contract; and (3) infringement of U.S. Patent No. 9,303,809 ('809 Patent). As part of the patent infringement claim at issue, the parties presented five disputed terms for the Court

PAGE 1 –PARTIAL OPINION AND ORDER ON CLAIM CONSTRUCTION

to construe. ECF 163. MTI also argued that the '809 Patent is invalid for indefiniteness because its claims, read in the light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention. *See Nautilus, Inc. v. Biosig Instruments, Inc*., 572 U.S. 898, 901 (2014). The specific term at issue in MTI's indefiniteness argument is "remote." That term appears in Claim 1 of the '809 Patent but is also relevant to Claim 3, which is the basis of Sennco's allegation of infringement.

On July 2, 2021, U.S. Magistrate Judge Jolie A. Russo issued Findings and Recommendations on these issues. ECF 176. Both parties filed timely objections to portions of Judge Russo's conclusions. On November 19, 2021, the Court held oral argument on the parties' objections, heard the parties reach agreement on certain issues, and now issues this partial opinion construing four of the five disputed terms. Regarding the term "remote," and MTI's related indefiniteness argument, the Court has requested additional evidence and will hold an evidentiary hearing. ECF 191. Afterward, the Court will complete its ruling.

## STANDARDS

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). In considering objections to a magistrate judge's findings and recommendations, a district judge "may also receive further evidence." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge may . . . receive further evidence[.]").

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe a standard of review. *See Thomas v. Arn*, 474

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record." The Court will do that.

## CLAIM CONSTRUCTION RULINGS

### 1.   "A key that . . . contacts the spring"

Judge Russo recommends that this term be construed to mean: "A key that physically touches the spring." MTI proposed this construction, and Sennco did not object to Judge Russo's recommendation. The Court adopts Judge Russo's recommendation and so orders.

### 2.   "Groove"

After thorough discussion on the record during the hearing held on November 19, 2021, the parties agreed that this term may be construed to mean: "A channel formed in a surface." The Court so orders.

### 3.   "Interior cavity"

After thorough discussion on the record during the hearing held on November 19, 2021, the parties agreed that this term may be construed to mean: "The hollow space between the top and bottom covers of the head unit." The Court so orders.

4. **"Aperture that extends . . . into the interior cavity"**

The parties agree that "aperture" means "a hole or opening." The Court will so construe "aperture" and with that construction concludes that no further construction of this term is needed. The Court so orders.

5. **"Remote"**

As previously noted, the Court defers any construction of this term and any resolution of MTI's argument that the '809 Patent is invalid for indefiniteness until after further evidence and argument.

## CONCLUSION

The Court ADOPTS IN PART Judge Russo's Findings and Recommendations. ECF 176. The Court construes the terms discussed in this Partial Opinion and Order as stated herein and will issue later an additional Opinion and Order regarding the term "remote" and MTI's related indefiniteness argument.

**IT IS SO ORDERED**.

DATED this 29th day of November, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge